UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4776

TIMOTHY FAJEMIROKUN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-385-A)

Submitted: December 23, 1997

Decided: January 26, 1998

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Gerald J. Smagala, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Fajemirokun appeals from a district court judgment order convicting him of credit card fraud, and, after re-sentencing and departing upward, imposing a thirty-month term of imprisonment. Fajemirokun alleges that the district court did not give him sufficient notice of the specific grounds it was contemplating in deciding to depart upward and in finding that an upward departure was warranted.* Because Fajemirokun waived his right to appeal the sentence in his plea agreement, we dismiss the appeal.

Fajemirokun pled guilty to one count of conspiracy to commit credit card fraud in violation of 18 U.S.C.A. § 1029(a)(3) (West Supp. 1997). The terms of Fajemirokun's written plea agreement included a waiver of his right to appeal any sentence within the "maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever . . . ." (JA 15-16). The maximum sentence for Fajemirokun's crime of conviction is fifteen years and a fine as provided in the statute, or twice the value obtained by the offense, whichever is greater. See 18 U.S.C.A. § 1029(c)(1) & (2) (West Supp. 1997). Fajemirokun received a thirty month sentence and no fine. Although the thirty month sentence was above the recommended guideline range and reflected an upward departure, the sentence is still within the statutory maximum. Therefore, Fajemirokun's sentence was within the maximum provided by the statute of conviction and not appealable under the waiver provision.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). In this appeal, Fajemirokun does not allege that his waiver was not knowingly and intelligently made. Further, nothing in the record suggests that Fajemirokun's plea was

_____

*The departure was based on the district court's determination that Fajemirokun was a recidivist who was likely to commit future similar offenses.

involuntary. We therefore find that the waiver is enforceable and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3